# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DRS FINANCIAL LLC D/B/A CAPITAL COLLECTION SERVICE and JOHN DOES 1- 25,<br><br>Defendant(s). | Civil Case No.:<br>1:20-cv-00900-JHR-KMW<br><br><br>ORDER FOR JUDGMENT AGAINST DEFENDANT DRS FINANCIAL LLC D/B/A CAPITAL COLLECTION SERVICE |

This matter comes before the Court on Plaintiff's motion seeking default judgment against Defendant DRS FINANCIAL LLC D/B/A CAPITAL COLLECTION SERVICE, pursuant to Fed. R. Civ. Pro. 55. For the reasons stated below, the Court hereby GRANTS Plaintiff's Motion for Default Judgement [Dkt. No. 7]:

(1) Rule 55(b)(2) authorizes district courts to enter default judgment against a properly served defendant who fails to answer or plead within the allotted time. See La. Counseling and Family Services, Inc. v. Makrygialos, LLC., 543 F. Supp. 2d 359, 364177 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev., 922 F.2d 168, n.9 (3d Cir. 1990).

(2) This action was commenced by Plaintiff on January 28, 2020 by the filing of the Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"), and a copy of a Summons was served on Defendant DRS FINANCIAL LLC D/B/A CAPITAL COLLECTION SERVICE, on February 10, 2020, and a proof of service was filed on February 22, 2020.

(3) Defendant has not answered the Complaint and the time for answering the Complaint has expired. The Clerk of the court entered Default as to DRS FINANCIAL LLC D/B/A CAPITAL COLLECTION SERVICE, on March 27, 2020. Defendant has not responded to Plaintiff's Motion for Default Judgment, and has failed to make any appearance in this case.

(4) Plaintiff's Complaint states a cognizable claim for violations of the FDCPA § 1692e.

(5) The FDCPA provides that:

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court . . .

15 U.S.C.A. § 1692k(a)

(6) Considering the violations and nature of noncompliance, and all other relevant factors, see 15 U.S.C.A. § 1692k(b), the Court finds the statutory award is reasonable; and finds that the attorney's fees and costs are reasonable and thus, permitted under the Act.

Therefore, IT IS on this 31st day of October 2020 hereby

3

**ORDERED, ADJUDGED AND DECREED:** That judgment be and is hereby entered against Defendant, DRS FINANCIAL LLC D/B/A CAPITAL COLLECTION SERVICE in the amount of $1,000.00 for statutory damages plus costs and disbursements of this action and reasonable attorneys' fees in the amount of $6,671.50 for a total judgment of $7,671.50 in favor of Plaintiff.

    /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE